*This opinion is nonprecedential except as provided by Minn. R. Civ. App. P. 136.01, subd. 1(c).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A23-1326**

State of Minnesota,
Respondent,

vs.

Marco Deangulus Austin,
Appellant.

**Filed June 17, 2024
Reversed
Connolly, Judge**

Ramsey County District Court
File No. 62-CR-22-300

Keith Ellison, Attorney General, St. Paul, Minnesota; and

John Choi, Ramsey County Attorney, Alexandra Meyer, Assistant County Attorney, St. Paul, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Joseph McInnis, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Connolly, Presiding Judge; Larson, Judge; and Klaphake, Judge.[*]

---

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

**CONNOLLY**, Judge

Appellant challenges his conviction of unlawful possession of a firearm, arguing that the district court erred by denying appellant's motion to suppress evidence that was seized in a search of appellant's vehicle based on the odor of marijuana and the presence of a granule of suspected marijuana.  We reverse.

## FACTS

In August 2021, Officer B. stopped appellant Marco Austin because the tint of his car windows appeared too dark.  Officer B. testified that appellant appeared nervous and was sweating when he was stopped. Appellant, in a t-shirt and gym shorts with an electrolyte drink next to him, explained that he was coming from the gym.  Officer B. also testified that it is not uncommon for motorists he detains to appear nervous, that appellant did nothing that could be considered suspicious, and that there was no indication that he was impaired by marijuana or anything else. Officer B. then summoned another officer, and Officer T. arrived.

The officers searched appellant's vehicle and found two handguns in a backpack on the back seat.  Neither had been stolen.  The owner of the car, appellant's significant other D.S., was licensed to carry a concealed firearm and was the documented original purchaser of one gun.  The DNA of appellant and two other people was on one gun; his DNA and that of three others was on the other gun.  D.S.'s DNA was not collected.

Appellant was charged with four counts of possession of a firearm or ammunition by an ineligible person.  At the hearing on appellant's motion to suppress the evidence

obtained by searching the car, Officer B. testified that he could smell a "strong odor of unburnt marijuana" and could see green, leafy crumbs all over the floorboard and marijuana particles among the loose change and dirt at the bottom of the console. The officers' photograph of the floor shows dirt, debris, and a granule no larger than a grain of rice that might have been marijuana, surrounded by smaller particles. Appellant was locked in a squad car; he was not asked about the odor or the granule.

Officer B. testified that: his only reason for expanding the traffic stop was the smell of marijuana; he had smelled marijuana every day for four years since he began working as a police officer; he was not aware of whether marijuana and hemp looked the same; and he had received training at some time on marijuana but none on hemp or cannabidiol (CBD) products. He also said that he did not recall whether he had been trained to recognize hemp or CBD but possibly had been, but revised this testimony later, saying "We're trained on marijuana. That is it." and testified further that any training he had was "a long time ago." Asked how he knew that the particles on the car floor were marijuana, he said he did not examine the granule but just smelled marijuana coming from the car. He said he saw a substance he believed to be marijuana on the floorboard but did not recall whether he had actually found and documented the "alleged marijuana flake" he had seen. Officer B. answered "correct" when asked if he was claiming that "there [was] a strong odor [of marijuana] but the amount of marijuana found, or what [he] believed to be marijuana, was so little that [he] couldn't even collect it." He answered "no" when asked if he tested anything he found in the vehicle and said he thought what he saw was marijuana because

3

of the smell. Both officers testified that they thought the strong marijuana they smelled came from the granule on the floor.

Officer T. testified that he did not find any significant quantity of marijuana in the car but found "just the crumbs"; he did not recall if, having spotted what he thought was flakes of marijuana, he asked appellant if he had any illegal marijuana or any legal marijuana in the car. When asked if he observed appellant doing anything that would have given him probable cause to search the vehicle other than the "claimed discovery of the odor of marijuana and the belief of the [flakes] on the floorboard being marijuana," Officer T. said it was not his traffic stop, and the only thing he saw was the marijuana. He answered in the negative when asked if he had any training on distinguishing the smell of illegal marijuana from that of hemp or CBD products, if any of the crumbs he saw were collected and tested, and if he could say with 100 percent certainty what the content of the crumbs and flakes was. He answered in the affirmative when asked if he had had "no personal training or experience discerning the difference between those [legal marijuana] products and the illegal marijuana that [he] claim[ed appellant] had" and if "the sole basis of [the] search of [appellant's] vehicle [was] the claimed odor of marijuana and belief that green crumbs on the floorboard were marijuana." The parties later stipulated that hemp and marijuana smell the same.

Appellant's motion to suppress the evidence on the ground that the officers lacked probable cause to search his vehicle was denied, and he pleaded guilty to Count 1 of the complaint. He later filed a motion to withdraw his guilty plea. The motion was granted, and he submitted Count 1 for a stipulated-evidence trial. The district court found appellant

guilty of possession of a firearm by an ineligible person, and he was sentenced to 60 months in prison.

Three months later, the supreme court released *State v. Torgerson*, 995 N.W.2d 164, 175 (Minn. 2023) (holding that, when the only indication that evidence of a crime or contraband in a vehicle is the medium-strength odor of marijuana emanating from the vehicle, the evidence "is insufficient to establish a fair probability that the search would yield evidence of criminally illegal drug-related contraband or conduct").

On appeal, appellant alleges that the evidence to support the search of his vehicle was insufficient and should have been suppressed.[1]

## DECISION

This court "undertake[s] a de novo review to determine whether a search or seizure is justified by reasonable suspicion or by probable cause." *State v. Burbach*, 706 N.W.2d 484, 487 (Minn. 2005) (citation omitted).

For an officer to search a vehicle without a warrant, circumstances must show that there is a fair probability that contraband or evidence of a crime will be found in the car. *State v. Yarbrough*, 841 N.W.2d 619, 622 (Minn. 2014). To search a car for marijuana after smelling it, the totality of the circumstances must indicate a fair probability that the car contains a criminal amount of marijuana. *Torgerson*, 995 N.W.2d at 169. Possession of less than 1.4 grams of marijuana in a car was then a petty misdemeanor, not a crime.

---

[1] In lieu of a brief, respondent State of Minnesota filed a letter with this court stating that, based on *Torgerson*, the state "agrees the expansion of the traffic stop was not supported by sufficient probable cause . . . [and] appellant's conviction should be reversed."

Minn. Stat. § 152.027, subd. 3 (2020) (providing that possession of more than 1.4 grams of marijuana in a car is a misdemeanor).[2] While the odor of marijuana is a factor to be considered in assessing probable cause for a search, the odor by itself "is insufficient to establish a fair probability that the search would yield evidence of criminally illegal drug-related contraband or conduct." *Torgerson*, 995 N.W.2d at 175.

Here, there was no support for the search of the vehicle other than the odor of marijuana. Officer B. testified that his only reason for stopping the vehicle was the dark tint of the window, which would not indicate criminally illegal contraband or conduct, and his only reason for expanding the stop and searching the vehicle was the odor of marijuana. Officer T. testified that the sole basis of the search was the odor of marijuana and the crumbs on the floor that he assumed were marijuana because of the odor, but were never collected or tested. Under *Torgerson*, the search of appellant's vehicle was not supported by adequate probable cause, the evidence found during the search should have been suppressed, and his conviction is reversed.

**Reversed.**

---

[2] The statute also provides two other noncriminal forms of marijuana: industrial hemp and medical marijuana. The district court addressed only industrial hemp.